IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ROBERTS, WILLIAM BARRIER | ) CASE NO. 18-83442-CRJ11 |
| SSN: XXX-XX-9314 | CHAPTER 11 |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S AMENDED OBJECTION TO**
**PROOF OF CLAIM NO. 10 AS AMENDED FILED BY MELANIE MURRAY**

COMES NOW William Barrier Roberts, as debtor and debtor-in-possession ("Debtor" or "Roberts"), by and through undersigned counsel, and files his amended objection to Proof of Claim No. 10 as amended of Melanie Murray ("Murray"), and respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for relief requested in this Objection are sections 105(a) and 502(b) of the United States Code, 11 U.S.C. § *et seq.* (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

2. On November 16, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. Since the Petition Date, Debtor continues to manage his affairs as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

## PROOF OF CLAIM NO. 10 OF MELANIE MURRAY AS AMENDED

4. On February 28, 2019, Murray filed her Proof of Claim No. 10 as amended ("POC 10"). Murray's POC 10 asserts an unsecured claim in the amount of $700,000.00. Murray alleges the basis for POC 10 is for estimated legal and/or equitable damages.

5. The same issue has been raised by Murray as a counterclaim [AP Doc. 39] in *William Barrier Roberts v. Melanie Hammer Murray, et al.*, Adversary Proceeding Case No. 19-80017-CRJ. A part of this objection is based upon the Debtor's Motion to Dismiss Counterclaim [AP Doc. 47] in the Adversary Proceeding.

## RELIEF REQUESTED

6. By this amended Objection, and for reasons stated herein, Debtor seeks the entry of an order disallowing and expunging POC 10 of Murray as amended.

## BASIS FOR RELIEF

7. Debtor further denies that he has taken any action which would be wrongful or breach any duties owed to B&B or Melanie Murray relating to the any allegations asserted in POC 10 of Murray as amended.

    a. At all times, Melanie Murray was the Manager and President of Bullet and Barrell, and supervised and controlled (poorly) every aspect of construction and operation. The Debtor, while employed by Bullet and Barrell, attempted in good faith to manage operations and make appropriate purchasing and management decisions, only to be thwarted by Melanie Murray. To the contrary, Melanie Murray did and continues to grossly mismanage Bullet and Barrell. Losses have increased since the termination of the Debtor's employment.

    b. At all times during construction, a general contractor, Joe Moon Construction Services supervised and directed construction.

8. Other grounds may exist to deny the Proof of Claim at issue.

9. Further, Roberts generally denies the narrative allegations and the requested relief in POC 10 of Murray as amended.

## STATUTE OF LIMITATIONS

10. According to the narrative contained in POC 10, as amended, the parties' relationship began sometime prior to August 5, 2016, when the parties executed a Company Agreement.

11. The narrative goes on to describe the "misrepresentations commenced at the beginning of the relationship regarding his being a contractor, his capability to manage the construction process, and to manage day to day operations".

12. This Proof of Claim was originally filed February 28, 2019.

13. The alleged misrepresentations made by Roberts to Murray are 2 ½ years prior to the Proof of Claim filing.

14. The applicable statute of limitation for such fraud in Alabama is 2 years.

15. No theory of fraud or suppression has been asserted as a cause of action in the Adversary Proceeding, nor was any other litigation regarding fraud or suppression been commenced prior to the expiration of the statute of limitations.

16. Further, the applicable statute of limitation for negligence in Alabama is 2 years. No theory of negligence has been asserted as a cause of action in the Adversary Proceeding, nor was any other litigation regarding negligence been commenced prior to the expiration of the statute of limitations.

17. Therefore, the claims asserted against Roberts would be barred by the applicable statute of limitations.

## PROMISSORY FRAUD

18.     At least as to claims of representations that the building was coming in under budget, Alabama law requires additional elements for misrepresentation of acts that are to occur in the future, or "Promissory Fraud." The additional elements that must be proved by the claimant, in additional to tradition elements of fraud, is that offender know at the time the representations were made that the representation was false, and that there was intent to deceive. These elements have not been stated in the claim nor can they be proven.

## LACK OF STANDING

19.     Murray asserts claims identical to that of Bullet & Barrel. However, the Murray claims are not direct claims, and are at best derivative in nature. However, since Bullet & Barrel is bringing these claims, Murray need not also to bring them. This duplication of Claim 10 and Claim 14 are duplicative in relief and appear to be an attempt at double recovery.

20.     Section 502(a) of the Bankruptcy Code provides as follows:

> (a)  A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

WHEREFORE, premises considered, Debtor respectfully requests that this Honorable Court enter an Order disallowing Proof of Claim No. 10 of Melanie Murray as amended for the reasons stated and grant such further relief as this Court deems just and proper.

Respectfully submitted on December 9, 2019.

*/s/ Stuart M. Maples*
STUART M. MAPLES (ASB-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

Case 18-83442-CRJ11    Doc 265    Filed 12/09/19    Entered 12/09/19 16:15:07    Desc
Main Document      Page 4 of 5

# CERTIFICATE OF SERVICE

   I do hereby certify that on December 9, 2019, a copy of the foregoing document was served on the following by the means indicated below:

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov


Jayna P. Lamar
Stewart A. Kelly
Christian A. Pereyda
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North 2400
Regions/Harbert Plaza
Birmingham, Alabama 35203

Walter A. Dodgen
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street S.W.
Huntsville, Alabama 35801

All parties requesting notice via CM/ECF

Via U.S. Mail to all creditors on matrix

                /s/ *Stuart M. Maples*
                STUART M. MAPLES