# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:  William Barrier Roberts<br>SSN: xxx-xx-9314<br><br>Debtor. | Case No.: 18-83442-CRJ-7<br><br>Chapter 7 |

## TRUSTEE'S MOTION TO COMPEL TURNOVER

COMES NOW Tazewell T. Shepard III, trustee of the bankruptcy estate of the above-captioned Chapter 7 debtor, and shows unto this Honorable Court as follows:

### Background

1. On November 16, 2018, William Barrier Roberts (the "**Debtor**") filed a petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Bankruptcy Court**").

2. This case voluntarily converted to Chapter 7 on June 22, 2020. Thereafter, the Bankruptcy Court appointed Tazewell T. Shepard III as the duly qualified and acting Chapter 7 trustee (the "**Trustee**").

3. The Bankruptcy Court has subject matter jurisdiction to consider and determine this Motion to Compel Turnover (this "**Motion**") pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee brings this Motion pursuant to Sections 542(e) and 543 of the Bankruptcy Code.

5. This Motion is a contested matter under Rule 9014 of the *Federal Rules of Bankruptcy Procedure*.

6. On or about October 8, 2020, the Trustee made formal demand upon Roscoe Owen Roberts ("**Owen Roberts**") to turnover all property of the Debtor or the Debtor's estate held by him in trust. To date, this demand for turnover remains unsatisfied.

## Pertinent Facts

7. On March 6, 2020, the Debtor's children, Patricia T. Roberts and Lee Ann Grote Roberts (the "**Debtor's Daughters**"), created the Patricia T. Roberts and Lee Ann Grote Roberts Inter Vivos Trust (the "**Trust**").

8. The Trust lists the Debtor and the Debtor's Daughters as its beneficiaries. Owen Roberts serves as the Trust's trustee.

9. During his Chapter 11 case and from March 6, 2020 until June 23, 2020, the Debtor, or Owen Roberts acting on Debtor's behalf, transferred at least $692,652.10 in cash and securities from the bankruptcy estate to the Trust's Raymond James & Associates, Inc. stock accounts (the "Trust's **Stock Accounts**").

10. Trustee avers that some of these transferred assets came from an undisclosed stock account maintained by the Debtor during the pendency of his Chapter 11 case -- Raymond James & Associates, Inc., account number *****796. Other assets transferred originated from life insurance proceeds and securities the Debtor inherited from his deceased father during the pendency of the Chapter 11 case.

11. To the best of Trustee's knowledge, Owen Roberts remains in possession of all Debtor-assets transferred to the Trust and to the Trust's Stock Accounts.

12. As the trustee of the Trust and one whom owes a fiduciary interest to the Debtor, Owen Robert qualifies as a "custodian" pursuant to 11 U.S.C. §§ 101 & 543.

## Law

13. Prior to the enactment of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* a circuit split existed regarding whether an inheritance received more than 180 days after the commencement of an individual's Chapter 11 or Chapter 13 case constituted property of the bankruptcy estate. Some courts found that U.S.C. § 541 exempted such property from the reach of Chapter 11 estate creditors while other courts read the statute to apply narrowly only in individual Chapter 7 cases.

14. As part of its overhaul of the Bankruptcy Code and to resolve this circuit split, Congress amended Section 1115 of the Bankruptcy Code in 2005 to state as follows: "In a case in which the debtor is an individual, property of the estate includes… all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7…"

15. Congress's intent in this amendment appears to close the loophole around inheritances in individual Chapter 11 or Chapter 13 cases and make any such property received during a case part of the estate, regardless of the date that the inheritance vests.

16. Although case law interpreting Section 1115 of the Bankruptcy Code is rare because of the relative limited number of individual Chapter 11 filings and the relative uniqueness of inheritances received during an open case, courts in this federal circuit have dealt with the issue as it concerns Chapter 13 debtors and that chapter's analogous statute, 11 U.S.C. § 1306.

17. When considering whether an inheritance acquired more than 180-days after the commencement of a Chapter 13 case constituted property of the estate, Judge Robinson of the Northern District of Alabama found in favor of the Chapter 13 Trustee:

> "This Court finds that the post-180-day inheritance did become property of the Debtor's bankruptcy estate and supports the Trustee's Motion to Modify to increase the dividend to unsecured creditors. If the inheritance is sufficient, it may be used to pay up to 100% of the remaining balance due on allowed unsecured claims."

*In re Tinney*, 2012 WL 2742457 (Bankr. N.D. Ala 2012).

18. In a footnote of a separate opinion issued in 2014, a judge in the Northern Division of this Federal District cited the *Tinney* decision as authoritative on this issue. *Matter of White*, 510 B.R. 884, fn. 1 (Bankr. N.D. Ala. 2014).

19. Likewise, federal courts in the Southern District of Georgia, the Northern District of Georgia, and the Middle District of Florida have come to similar conclusions about the inclusion of post-petition inheritances as property of the estate. *See e.g.*, *In re Murdock*, 547 B.R. 375 (Bankr. S.D. Geo. 2015); *In re Gilbert*, 526 B.R. 414, (Bankr. N.D. Geo. 2015); and *In re Stillwaggon*, Case No. 9;10-bk-12289-FMD (Bankr. M.D. Fla. 2014).

20. Accordingly, and by analogy to the Chapter 13 statute, 11 U.S.C. § 1115 states that any inheritance received, or to which the Debtor became entitled to during the pendency of his

Chapter 11 case, constitutes property of the Debtor's bankruptcy estate and may be administered for the benefit of his creditors.

21. Any property of the bankruptcy estate held by Owen Roberts in trust for the Debtor constitutes assets which the Trustee may recover and administer.

## Relief Requested

22. Because Owen Roberts qualifies as a "custodian" under the Bankruptcy Code, this proceeding may be resolved as a "contested matter" pursuant to the *Federal Rules of Bankruptcy Procedure*; the Bankruptcy Court may compel Owen Roberts to turnover all property of the bankruptcy estate in his possession without necessitating the Trustee to file of an adversary proceeding.

23. Pursuant to Sections 542 and 543 of the Bankruptcy Code, the Trustee seeks turnover by Owen Roberts of all financial records related to any property that the Debtor transferred to the Trust from the commencement of the Debtor's Chapter 11 bankruptcy case until the present.

24. Pursuant to Sections 542 and 543 of the Bankruptcy Code, the Trustee seeks an accounting by Owen Roberts of all property the Debtor transferred to the Trust from the commencement of the Debtor's Chapter 11 bankruptcy case until the present.

25. Pursuant to Sections 542 and 543 of the Bankruptcy Code, the Trustee seeks turnover by Owen Roberts of physical possession of all property the Debtor transferred to the Trust from the commencement of the Debtor's Chapter 11 bankruptcy case until the present.

WHEREFORE, premises considered, the Trustee prays that this Honorable Court will enter an Order:

(i) Requiring Owen Roberts, as trustee of the Trust, to provide a complete and detailed accounting of all property received and/or held by the Trust, and

(ii) Requiring Owen Roberts, as trustee of the Trust, to turnover physical possession to the Trustee of all financial records and all assets the Debtor transferred to the Trust from the commencement of the Debtor's Chapter 11 bankruptcy case until the present; and

(iii) Granting such further relief as this Court deems just and proper.

Respectfully submitted this the 21st day of March, 2021.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys to Chapter 7 Trustee*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 21st day of March, 2021 served the foregoing document upon all addressees on Kevin D. Heard, *Attorney for Owen Roberts*, Owen Roberts, *Personal Representative for the Debtor, Deceased*, 24 Lendon Park Dr. SE, Huntsville, AL 35802, Stuart M. Maples, *Attorney for William Barrier Roberts*, Richard M. Blythe, Attorney for the Bankruptcy Administrator, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV