# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: William Barrier Roberts<br>SSN: xxx-xx-9314<br><br>Debtor. | Case No.: 18-83442-CRJ-7<br><br>Chapter 7 |

## TRUSTEE'S REPLY TO MOTION TO COMPEL TURNOVER

COMES NOW Tazewell T. Shepard III, trustee of the bankruptcy estate of the above-captioned Chapter 7 debtor (the "**Trustee**"), and replies to the Motion to Compel Turnover (the "**Motion**") as follows:

1. For the avoidance of doubt, the Trustee seeks an order from this Court requiring Roscoe Owen Roberts ("**Owen Roberts**") to turnover the following records, documents, and assets of William Barrier Roberts (the "**Debtor**") and transferred to the *Patricia T. Roberts and Lee Ann Grote Roberts Inter Vivos Trust* (the "**Trust**"):

   a. An accounting of all funds that the Debtor transferred to Trust between January 1, 2020 and the present;

   b. An accounting of all expenses or other transfers of property from the Trust to any beneficiaries or other parties between January 1, 2020 and the present;

   c. Copies of all Trust state and federal tax returns between January 1, 2020 and the present;

   d. Copies of all records or documents used to create the above-requested accountings and tax returns;

   e. Turnover of all recordkeeping and documentation required by Owen Roberts as trustee to maintain pursuant to Title 19 Fiduciaries and Trusts of the *Alabama Code*; and

   f. Turnover of all cash, securities, or other property, totaling at least $692,652.10, and transferred by the Debtor to Owen Roberts as trustee fof the Trust.

2. These are not unusual or burdensome requests: pursuant to *Ala. Code* 19-3B-101 *et seq.*, Owen Roberts, as a fiduciary, must maintain clear and complete records of the documents listed above in 1(a) – 1(e); a response that he has already turned over any records <u>in his possession</u> is insufficient because fiduciaries are held to a higher standard than mere witnesses or parties to a legal proceeding – trustees in Alabama must maintain clear and complete records of their trusts' assets, liabilities, income, and expenses. *See Ala. Code* 91-3B-802.

3. The Alabama Code places the burden on Owen Roberts, as the fiduciary, to produce these records concerning the Trust; it is not the a bankruptcy trustee's obligation to recreate financial statements and accounting on his own when the law places that burden on another.

4. Both the Alabama Code and Title 11 of the United States Code provide potential remedies against Owen Roberts for any noncompliance with his fiduciary duties and obligation. However, the Trustee brings this present Motion in an attempt to conserve judicial resources and avoid protracted litigation in the hopes of a timely administration on the above-captioned bankruptcy estate.

5. While not directly relevant to the issue of turnover under 11 U.S.C. §§ 542 & 543, the Trustee has no reason to believe that he currently possesses sufficient funds on hand to pay all allowed administrative, priority, and general claims in full in the Debtor's bankruptcy case.

6. Further, the Debtor's speculation in an adversary proceeding that creditor First National Bank may withdraw its general unsecured claims from this case does not affect the Trustee's analysis. *Shepard v. Roberts*, 21-80040-40-CRJ, ECF Doc. 7, ¶ 2. According to the Clerk of Court's Claims Register, there are a total of 18 claims filed in this case for $11,604,081.68. Most of these claims remain partially or wholly unsatisfied.

7. Accordingly, the Trustee seeks the immediate turnover of all moneys, documents, and accountings listed in paragraph one, *supra*, without regard to any collateral issues concerning other creditors not party to this contested matter or their allowed claims.

Case 18-83442-CRJ7    Doc 485    Filed 04/14/21    Entered 04/14/21 04:51:19    Desc Main
Document    Page 2 of 3

WHEREFORE, premises considered, the Trustee prays that this Honorable Court will enter an Order:

(i) Requiring Owen Roberts, as trustee of the Trust, to provide a complete and detailed accounting of all property received and/or held by the Trust, and

(ii) Requiring Owen Roberts, as trustee of the Trust, to turnover physical possession to the Trustee of all financial records and all assets the Debtor transferred to the Trust from the commencement of the Debtor's Chapter 11 bankruptcy case until the present; and

(iii) Granting such further relief as this Court deems just and proper.

Respectfully submitted this the 14th day of April, 2021.

> /s/ Tazewell T. Shepard IV
> Kevin M. Morris
> Tazewell T. Shepard IV
> *Attorneys to Chapter 7 Trustee*
>
> **SPARKMAN, SHEPARD & MORRIS, P.C.**
> P.O. Box 19045
> Huntsville, AL 35804
> (256) 512-9924
> ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 14th day of April, 2021 served the foregoing document upon Kevin D. Heard, *Attorney for Owen Roberts*, Stuart M. Maples, *Attorney for William Barrier Roberts*, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

> /s/ Tazewell T. Shepard IV
> Tazewell T. Shepard IV