# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM BARRIER ROBERTS | ) | |
| EIN: XXX-XX-9314 | ) | CASE NO. 18-83442-CRJ11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## RESPONSE TO OBJECTION TO CLAIM

Shannan League Roberts ("Ms. Roberts") hereby submits this Response (this "Response") to the objection to Claim 17-1 [Doc. No. 499] (the "Objection") filed by Tazewell T. Shepard III, trustee of the bankruptcy estate of the above-captioned chapter 7 debtor (the "Trustee"). In support of this Response, Ms. Roberts states as follows:

### BACKGROUND

1. On November 16, 2018 (the "Petition Date"), William Barrier Roberts (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code instituting this bankruptcy case (this "Bankruptcy Case").

2. Prior to the Petition Date, the Debtors and Ms. Roberts were parties to that certain domestic relations matter styled *Shannan Roberts v. William B. Roberts*, civil action number DR2018-900823 (the "Domestic Litigation") pending in the Circuit Court for Madison County, Alabama (the "State Court").

3. Ms. Roberts instituted the Domestic Litigation on October 5, 2018, alleging complete incompatibility of temperament, an irretrievable breakdown in the marriage and that further attempts at reconciliation were impractical and not in the parties' best interests. In the Domestic Litigation, Ms. Roberts sought, among other things, the equitable division of assets and

liabilities and the Debtor's continued payment of his pro rata share of regular monthly household expenses and debts and Ms. Roberts' attorneys' fees.

4. Specifically, Ms. Roberts sought an equitable division of the following items acquired during her and the Debtor's marriage:

> 5. The Plaintiff and Defendant have acquired during their marriage to each other the following:
>    (a) House and land located at 2115 Big Cove Road, Huntsville, Alabama 35801;
>    (b) Business entities and other business interests;
>    (c) Automobiles;
>    (d) Miscellaneous household goods, furniture and furnishings;
>    (e) Miscellaneous financial assets and liabilities;
>
> The Plaintiff seeks an equitable division of such assets and liabilities.

5. A true and correct copy of the Verified Complaint for Divorce, Request for Entrance of the Standing Pendente Lite Order (the "Complaint") in the Domestic Litigation is attached hereto as **Exhibit A**.

6. On January 18, 2019, Ms. Roberts filed a Consent Motion for Relief from Stay [Doc No. 34] (the "Motion for Relief") seeking relief from the automatic stay to proceed with the Domestic Litigation in State Court.

7. The Court granted the Motion for Relief on February 21, 2019, provided any disposition of property of the estate remained subject to further order of the Court. [*See* Doc. No. 55.]

8. Following a mediation, the parties reached a settlement, attached hereto as **Exhibit B**, and sought Court approval of the same through the Debtor's proposed chapter 11 plan.

9. Prior to confirmation, however, the Debtor passed away, and the case was converted to chapter 7 on June 22, 2020.

10. Ms. Roberts filed a proof of claim against the chapter 7 bankruptcy estate asserting an unsecured claim of $250,000 (the "Claim") for amounts owed as evidenced by the settlement agreement in the Domestic Litigation. [*See* Claim No. 17-1.]

11. On September 10, 2021, the Trustee filed the Objection to the Claim. [*See* Doc. No. 499.]

**RESPONSE TO OBJECTION TO CLAIM**

12. The Court should deny the Objection with respect to the Claim. Rule 3001(f) provides that a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure "shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Barron*, 325 B.R. 17, 20 (Bankr. M.D. Ala. 2005) ("A properly filed proof of claim constitutes prima facie evidence of both the validity and amount of the claim."). "[T]he objecting party has the burden of producing evidence sufficient to meet the evidentiary weight accorded to the claim under the Rules." *Id.*

13. The Claim filed by Ms. Roberts was on the Official Form 410 and was properly filed and executed. As such, the Claim is *prima facie* evidence of the validity and amount of Ms. Roberts's claim against the Debtor's bankruptcy estate.

14. In the Objection, the Trustee fails to provide any evidentiary basis or other basis for which Ms. Roberts's Claims should be disallowed. As such, the Trustee's Objection is legally insufficient on its face and should be denied.

15. To the extent the Objection seeks further clarification on the amount of the Claim, Ms. Roberts states that she asserted, without limitation, she was (and is) owed the following amounts from the Debtor in the Domestic Litigation:

| Description | Amount |
|---|---|
| Refinancing of Ms. Roberts' home in 2016 (4004 Toney Ct.) | $ 35,000.00 |
| Sale of Ms. Roberts home in 2018 (4004 Toney Ct.) | $ 49,163.00 |
| Tax debt in Ms. Roberts' name from the sale of his debtor's home at 1012 Big Cove Rd. (This house was in an LLC with Ms. Roberts as only officer so it counted towards her individual tax bill) | $ 23,937.00 |
| Tax debt for sale of 4004 Toney Ct. | $ 10,000.00 |
| Annuity owned by Ms. Roberts invested in the Debtor's various business ventures | $ 80,000.00 |
| Payment to North Alabama Bank on account of the Debtor's loan | $ 9,335.00 |
| Funds of Ms. Roberts' used to invest in a business for the Debtor's brother | $ 15,000.00 |
| Funds put in an investment account in NY | $ 10,000.00 |
| Taxes paid from the Debtor's sale of houses | $ 33,937.00 |
| **TOTAL:** | $ 266,372.00 |

16. Ms. Roberts incurred significant costs and fronted substantial amounts of her money to the debtor and his various business ventures over the course of their marriage and was (and remains) entitled to an equitable divisions of the marital assets and liabilities.

17. In addition to these amounts incurred by Ms. Roberts, Ms. Roberts alleged that the Debtor improperly allowed various life insurance policies to lapse and unlawfully changed the beneficiaries of other life insurance policies before and/or during the Domestic Litigation.[1] The total amount of these policies was over $886,000.

18. Based on this total claim amount, the parties reached a settlement agreement in the Domestic Litigation whereby Ms. Roberts agreed to accept a reduced amount of $250,000 to be paid via life insurance proceeds, plus amounts from the sale of Bullets and Barrel and other real estate owned by the Debtor following confirmation.

---

[1] The District Court case referenced in the Objection concerns $200,000 in policy proceeds where the Debtor, in violation of the State Court's order, changed the beneficiary of these policies to his daughters, Patricia Roberts and Lee Ann Roberts.

19. Ms. Roberts did not receive any amount from the life insurance proceeds (because the Debtor failed to name her as a beneficiary as agreed) or from the sale of the Debtor's other assets in the Bankruptcy Case by the Trustee.

20. In the event that Ms. Roberts' Claim remains disputed and unliquidated and the settlement agreement in the Domestic Litigation is not prima facie evidence of the agreed amount of her Claim, Ms. Roberts asserts that she is owed the minimum amount of $1,152,372.00 and reserves the right to amend the Claim.

## **RESERVATION OF RIGHTS**

21. Ms. Roberts reserves the right to supplement or amend this Response, to make any additional arguments at the hearing on the Objection, to file any necessary any necessary amended Proof of Claim or response and to present evidence at any trial on the Trustee's Objection. Nothing in this Response is, or should be construed as, a release or waiver of any claim, right or remedy of Ms. Roberts.

**WHEREFORE**, Ms. Roberts requests that the Court enter an order (i) denying the Trustee's Objection to the Claim; (ii) allowing the Claim in full; and (iii) granting Ms. Roberts such other and further relief as the Court deems to be just and proper.

Respectfully submitted this the 15th day of October, 2021.

/s/ Andrew J. Shaver
--------------------
Andrew J. Shaver
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Tel: (205) 521-8000
Email: ashaver@bradley.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those parties who receive electronic notices via CM/ECF in the above-referenced case, including the following:

Tazewell Shepard
Tazewell Taylor Shepard, IV
PO Box 19045
Huntsville, AL 35804
tshepard@ecf.axosfs.com
ty@ssmattorneys.com

Stuart M Maples
Maples Law Firm, PC
200 Clinton Avenue W., Suite 1000
Huntsville, AL 35801
smaples@mapleslawfirmpc.com

/s/ Andrew J. Shaver
Of Counsel

# **EXHIBIT A**



ELECTRONICALLY FILED
10/5/2018 4:15 PM
47-DR-2018-900823.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# IN THE CIRCUIT COURT FOR MADISON COUNTY, ALABAMA
## DOMESTIC RELATIONS COURT DIVISION

| | |
|---|---|
| ROBERTS, SHANNAN, ) | |
| ) | |
| PLAINTIFF, ) | Civil Action No. |
| ) | |
| VS. ) | DR2018- |
| ) | |
| ROBERTS, WILLIAM B., ) | *Pendente Lite* Relief requested |
| ) | |
| DEFENDANT. ) | |

## VERIFIED COMPLAINT FOR DIVORCE, REQUEST FOR ENTRANCE OF THE STANDING *PENDENTE LITE* ORDER

**COMES NOW** the Plaintiff, **Shannan Roberts**, and brings this Complaint for Divorce *a vinculo matrimonii* against the Defendant, **William B. Roberts**, and as grounds therefore, shows unto the Court as follows:

1. The Plaintiff and Defendant are each over the age of nineteen (19) years, of sound mind and are both *bona fide* resident citizens of Madison County, Alabama, and have been such for more than six (6) months next preceding the filing of this complaint.

2. The Plaintiff and Defendant were married to each other on January 4th, 2010 in Huntsville, Madison County, Alabama, and lived together as Husband and Wife until August 31st, 2018 when the parties separated.

3. There have not been any children born to the parties as a result of the marriage and the Wife is not pregnant.

4. The Plaintiff asserts that there exists such a complete incompatibility of temperament between the Plaintiff and the Defendant in that the parties can no longer live together under circumstances now existing and prevailing, and such incompatibility is irremediable and irreconcilable. The Plaintiff avers that there has been an irretrievable breakdown of the marriage and that further attempts at reconciliation are impractical and not in the best interests of the parties.

5. The Plaintiff and Defendant have acquired during their marriage to each other the following:

    (a)    House and land located at 2115 Big Cove Road, Huntsville, Alabama 35801;
    (b)    Business entities and other business interests;
    (c)    Automobiles;
    (d)    Miscellaneous household goods, furniture and furnishings;
    (e)    Miscellaneous financial assets and liabilities;

The Plaintiff seeks an equitable division of such assets and liabilities.

6. The Plaintiff is concerned about the Defendant's reaction when he learns that this action for divorce has been filed. The Plaintiff is in need of an Order of the Court ordering and directing that the Defendant be enjoined and restrained from doing any deed or act, from engaging in any activity that would assault, threaten, intimidate or harass her, and from entering upon or phoning her place of employment or residence, *pendente lite.*

7. The Defendant is able-bodied, earns a good living and is well able to provide towards the support and maintenance of the Plaintiff. The Plaintiff does not have an income sufficient of meeting her normal monthly living expenses. Further, the Plaintiff is in need of an order requiring the Defendant to continue to pay his pro rata share of the usual and regular monthly household expenses, debt payments, and the like during the pendency of this action.

8. The Plaintiff is unable to pay the fees of her attorney, Kristina Jill Sexton, for the services to be rendered by her in this cause. The Defendant is well able to pay and should be ordered to pay the fees of her attorney as will be incurred in this case.

9. The Plaintiff is in need of an Order of this Court restraining both parties from in any way concealing, encumbering, pledging, destroying, removing, transferring or otherwise dissipating any assets in which the parties own any interest, whether held individually or jointly, *pendente lite*.

10. The Plaintiff has attached a copy of the Standing *Pendente Lite* Order as Exhibit "A", to be served with the Complaint in this matter, and requests that this Honorable Court enter its Standing *Pendente Lite* Order in this matter, *pendente lite.*

11. The Plaintiff is in need of an Order of this Court setting a time and place for a hearing to consider the prayer of the Plaintiff to determine a proper and reasonable amount to be paid for the support and maintenance of the Plaintiff a *pendente lite*; to determine a proper and reasonable amount to be paid by the Defendant to the Plaintiff towards the Plaintiff's monthly expenses, *pendente lite*; and to further determine a proper and reasonable amount to be paid by the Defendant for the fees of the Plaintiff's attorney, *pendente lite*.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that all needful process of this Court issue to the said Defendant, **William B. Roberts**; that he be made a party defendant hereto; that he be required to serve an answer upon Kristina Jill Sexton, attorney for the Plaintiff within thirty (30) days of the date of service or suffer a default judgment to be taken against him; that the Court will set a time and place for a hearing to determine and grant unto the Plaintiff that the Court will determine a proper and reasonable amount to be paid to the Plaintiff by the Defendant for the support and maintenance of the Plaintiff, *pendente lite*; and to determine a proper and reasonable amount to be paid to the Plaintiff by the Defendant towards the Plaintiff's monthly expenses, *pendente lite*; that the Defendant be enjoined and restrained from doing any deed or act, from engaging in any activity that would assault, threaten, intimidate or harass the Plaintiff, and from entering upon or phoning her residence, *pendente lite*; that this Honorable Court will issue an Order ordering and directing that the Plaintiff and Defendant be restrained from in any way concealing, destroying, pledging, encumbering, removing, transferring or otherwise dissipating any assets presently held or owned by the parties, either individually or jointly, *pendente lite*; and that upon a final hearing of this cause, this Honorable Court will:

    A. Enter a Final Decree of Divorce *a vinculo matrimonii* forever dissolving the bonds of matrimony as exist between Plaintiff and Defendant;

    B. Equitably divide between the parties the assets and liabilities accumulated by them during their marriage;

    C. Award to the Plaintiff periodic and/or rehabilitative alimony to be paid by the Defendant at such times and in such amount in consideration of the Plaintiff's needs and accustomed standard of living and due to the Plaintiff's history of unemployment during the time of the marriage;

D. Award to the Plaintiff the attorney's fees incurred by her in this case, to be paid by the Defendant in such amount as determined by the Court to be reasonable, entering a judgment for the same and defining the terms and conditions of satisfaction of said judgment by the Defendant.

E. Enter such other orders and decrees as may be reasonable and proper in this action.

Respectfully submitted this the 4 day of October, 2018.

_____
Shannan Roberts, Plaintiff

**STATE OF ALABAMA** )
**COUNTY OF MADISON** )

## VERIFICATION

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared, **Shannan Roberts**, who is known to me, and who having been first duly sworn, deposes and says that the allegations and averments contained in the foregoing Complaint for Divorce are true and correct to the best of her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me on this the 4th day of October, 2018.

_____
John Luke Osteen
**NOTARY PUBLIC**
My Commission Expires: 11/06/2022
Macon County, North Carolina

**NXTSTEP FAMILY LAW, PC**

_____
**KRISTINA JILL SEXTON (SEX008)**
Attorney for Plaintiff
NXTSTEP Family Law, P.C.
401 Pratt Ave. NW
Huntsville, AL 35801
(256) 534-8799

**EXHIBIT B**

EXHIBIT 1

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| SHANNAN ROBERTS, | * |
| Plaintiff, | * |
| vs. | * Case Number: **DR – 2018 – 900823** |
| WILLIAM ROBERTS, | * |
| Defendant. | * |

# AGREEMENT

This **AGREEMENT** ("**AGREEMENT**") is made and entered into on this the 20th day of August, 2019, by and between **SHANNON ROBERTS** ("*Wife*") and **WILLIAM B. ROBERTS** ("*Husband*") (collectively "**the parties**").

**WITNESSETH:**

**WHEREAS,** the parties hereto are Husband and Wife, having been married to each other on January 4th, 2010, in Madison County, Alabama, and lived together as Husband and Wife until on or about August 31, 2018, when they separated and have since been living separate and apart; and

**WHEREAS,** the parties have not had any children and the Wife is not now pregnant; and

**WHEREAS,** there have developed between the parties marital difficulties which have resulted in their separation, and the parties hereto desire to establish a mutually agreeable basis upon which to settle all marital matters, including but not limited to matters involving their likes and dislikes as well as their property rights, obligations and responsibilities, one toward the other, in the event the Court grants a divorce at a subsequent time; and

**WHEREAS,** a portion of this Agreement deals with the division of proceeds received from the sale and division of various properties and business interest; and

EXHIBIT 1

WHEREAS, the Husband has filed for bankruptcy, which is currently pending.

NOW, THEREFORE, for and in consideration of a valuable consideration paid by each party to the other, the foregoing recitals, and the mutual covenants and agreements of the parties as hereinafter set out, the receipt and adequacy of which is hereby acknowledged, and for the purpose of settling all claims or rights between Husband and Wife, the parties agree as follows:

## GENERAL CONSIDERATIONS

(i) The parties are executing this agreement of his or her own free will and volition in an attempt to compromise the disputed issues between them, and further acknowledge that no coercion or undue influence has been used against either party in the making of this Agreement. Each has had independent advice of counsel of his or her own selection.

(ii) Any modification or a waiver of any of the provisions of this agreement shall be effective only if made in writing, executed with the same formality, and approved by a court of proper jurisdiction, including the bankruptcy court. Failure of either party to insist upon strict performance of any of the provisions hereof shall not be construed as a waiver of any other provisions.

(iii) Husband and Wife generally, fully and completely release each other and his/her agents, attorneys, trustees, fiduciaries, representatives, predecessors, successors, heirs and assigns, and any and all persons acting through, for or in concert with either of them, from any and all claims, causes of action or actions that either party now has or may have in the future against the other arising out of, relating to, or resulting from any act, event or thing occurring or failing to occur at any time in the past, including and up to the date of this Agreement, except as to obligations owed under this Agreement. The claims released include, but are not limited to, any and all known or unknown actions, causes of action, grievances, suits, charges, or complaints before any governmental entities or any and all private or nongovernmental entities, whether for compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees, costs, expenses, or any other relief, remedy, or damages, and specifically include any claims by either party against the other arising out of or resulting from their prior dealings and also including any representations and obligations arising out of their prior dealings, as well as those claims presented in this action.

(iv) This agreement settles all issues between Husband and Wife in conjunction with the Divorce filed in the Circuit Court of Madison County. It further resolves any issues which could have been raised between the parties. This agreement shall be submitted to the Circuit Court and the Bankruptcy Court for approval, and if so approved shall be incorporated into a final Divorce Judgment. Should the Court fail or refuse to confirm this agreement in whole or in part, the same shall be wholly void and have no further force and effect.

EXHIBIT 1

(vi) The Husband acknowledges that he has made a full and complete disclosure of all assets and liabilities owned and/or owed by him, which were acquired or incurred during the parties' marriage or during the pendency of this matter. In the event that the Husband has failed to disclose any martial or business debt, not named herein, to the Wife, the parties agree that said debt will be the sole responsibility of the Husband and he covenants and agrees to pay and be responsible for this debt; and further, if legal action is brought against the Wife to recover any debt thereon, the Husband agrees to indemnify or hold the Wife harmless, and in addition, to pay any attorney's fee and costs of collection which she may incur as a result of his failure to pay said indebtedness. The parties will sign any and all documents necessary to effectuate the terms of this provision.

## SETTLEMENT DETAILS

1. **PERSONAL PROPERTY.**

    (a) Husband shall be awarded the following personal property:

    (1) His clothing and personal effects;

    (2) All bank accounts in his name;

    (3) All investment accounts in his name;

    (4) GMC Truck;

    (5) Any tools or equipment owned by him;

    (6) Bankston Motorhome;

    (7) Leather Couch in Den;

    (8) King size bed in master bedroom;

    (9) Dresser and side table;

    (10) Tennessee Valley Fence;

    (11) Madison Beverages;

    (12) Chairs in the Den;

EXHIBIT 1

  (b)  Wife shall be awarded the following personal property:

  (1) All of her clothing and personal effects;

  (2) All of her personal property received by gift or inheritance;

  (3) The furniture and all other furnishings situated in the marital residence as of the date of the execution of this document not awarded to the Husband;

  (4) GMC Yukon;

  (5) All bank accounts in her name;

  (6) All investment accounts in her name;

  (7) Whitesburg Partners;

  (8) Huntsville Mobile Home Estates;

Each party shall execute such documents as might be necessary to effectuate a proper transfer of title to the above enumerated personal property.

2. **JOINTLY OWNED REAL PROPERTY.**

  (a) Husband and Wife own jointly the following real estate/ business (designated by location);

  (1) 2115 Big Cove Rd Huntsville AL 35801;

  (2) Valley Equipment Rental, and RBO LLC lot on Memorial Pkwy; and

  (3) Roberts, LLC, lots on Leeman Ferry;

  (4) Bullet & Barrel, LLC, Leeman Ferry.

3. **2115 BIG COVE RD, HUNTSVILLE AL 35801.**

(a) Upon the execution of this Agreement, the parties will list 2115 Big Cove Rd real estate for sale with a Katherine Samples, unless the Bankruptcy Court orders otherwise. In the event the parties cannot agree upon the listing price, the parties agree that they will follow the recommendation of the realtor. Both parties shall cooperate with the relator and agree to accept any reasonable offer. Upon

EXHIBIT 1

its sale, the Husband and Wife will each receive fifty (50%) percent of the net proceeds of the sale after the debt is paid, realtor fees, and closing cost. Until such time as the Big Cove real estate sells, Husband will pay the monthly mortgage payments, utilities, insurance and taxes thereon and will maintain the house in showing condition. Both parties agree to not intentionally hold up the sale of the property and will sign any documents needed to effectuate this provision.

### 4. VALLEY EQUIPMENT RENTAL, AND RBO, LLC

(a) The Husband is awarded 100% of Valley Equipment Rental and RBO, LLC. In consideration of the Wife waiving her marital interest, the Husband does agree and covenant to pay and be responsible for any debt, for any capital gains tax, Income Tax, or any other liability which may arise as a result of said ownership; and further, if legal action is brought against the Wife to recover any debt thereon, the Husband agrees to indemnify or hold the Wife harmless, and in addition, to pay any attorney's fee and costs of collection which she may incur as a result of his failure to pay said indebtedness.

### 5. BULLET & BARREL AND ROBERTS LLC.

Husband owns a forty-nine (49%) percent membership interest in Bullet & Barrel, LLC and a fifty percent (50%) membership interest in Roberts LLC. The Parties agree that the Wife be awarded half (50%) of the net proceeds from the authorized disposition of the Husband's interest in Bullet and Barrel or distribution from Bullet and Barrel and/or distributions from the net proceeds of sale of any of the Lots currently owned by Roberts LLC, after payment of those amounts to persons named hereinbelow and any other amounts payable to others as required by the Bankruptcy Court.

Upon the sale of Husband's membership interest in Bullet and Barrel, the sale of Bullet and Barrel, and/or conclusion of the aforementioned adversary proceeding in Bankruptcy Court, whether by settlement or judgment, and the sale of lots owned by Roberts LLC and the Wife shall be due fifty percent (50%) of the net proceeds after the payment of first, $150,000.00 to Charlotte Schlittler, second, $450,000.00 to Roscoe Roberts, and third, reasonable attorneys' fees to Husband's attorneys in both the bankruptcy case-in-chief and the adversary proceeding therein against the majority member of Bullet and Barrel, as determined by the Bankruptcy Court, and forth, any other amounts payable to others as required by the Bankruptcy Court. The Wife shall have no right of control, direction or consultation with respect to either the adversary proceeding litigation, including without limitation any settlement thereof, or any other disposition of Husband's membership interests in Bullet and Barrel and Roberts LLC. The Husband shall provide the Wife the terms of the disbursement of the proceeds of the aforesaid disposition of the Husband's interests as required by the Bankruptcy Court, and/or any settlement statement reflecting the proceeds of the aforesaid disposition of the Husband's interest. The Husband shall then pay the Wife her 50% of the net



EXHIBIT 1

proceeds within 10 days of receipt, or such other time as directed by the Bankruptcy Court. Upon Wife's receipt of her share of such net proceeds, or in the event there are no net proceeds payable from the aforesaid disposition of the Husband's interests, Wife shall have no further right, title or interest in and to Husband's interests in Bullet and Barrel and Roberts LLC.

Subject to the Bankruptcy Court's approval, the Husband does agree and covenant to pay and be responsible for any deficits, money owed, debts, Income Tax, or any other liability which may arise as a result of the Husband's ownership of membership interests in Bullet and Barrel and Roberts, LLC; and further, if legal action is brought against the Wife to recover any debt thereon, the Husband agrees to indemnify or hold the Wife harmless, and in addition, to pay any attorney's fee and costs of collection which she may incur as a result of his failure to pay said indebtedness.

### 6. RETIREMENT/INVESTMENT FUNDS.

Husband and Wife shall be entitled to keep any and all retirement and/or investment funds in his and her name.

### 7. DEBTS.

Except as otherwise provided in this agreement, any debt incurred by Husband or Wife after August 31, 2018, shall be the debt of such person. Husband agrees and covenants to pay any debts incurred in his individual name, and hold Wife harmless and indemnify her for such debt and in addition, to pay any attorney's fee and costs of collection which she may incur as a result of his failure to pay said indebtedness. Likewise, the Wife agrees and covenants to pay any debts incurred in her individual name, and hold Husband harmless and indemnify him for such debt. Husband further agrees to be responsible for any debts listed in his bankruptcy.

### 8. ALIMONY.

Both parties waive any claim to seek alimony of any kind or nature from the other.

### 9. TAXES.

Husband shall be responsible for and pay his state and federal income taxes owed for the calendar year ending 2016 including the taxes owed for 1012 Big Cove Road. The Husband shall immediately begin making the payments to the IRS in the minimum amount if $332.00 a month commencing June 1, 2019 and continued thereafter until paid in full. Husband agrees and covenants to pay this tax debt, and hold Wife harmless and indemnify her for such debt and in addition, to pay any attorney's fee and costs of collection which she may incur as a result of his failure to pay said indebtedness

EXHIBIT 1

### 10. LIFE INSURANCE.

Husband has an existing life insurance policy on his life. The Husband agrees to maintain and pay for said life insurance policy. Within ten (10) days from the execution of this Agreement, Husband will name Shannon Roberts as irrevocable beneficiary in the amount of **TWO HUNDRED AND FIFTY THOUSAND ($250,000.00).** Within ten (10) days from the execution of this Agreement, Husband will name Charlotte Schlittler as irrevocable beneficiary in the amount of **ONE HUNDRED AND FIFTY THOUSAND ($150,000.00).** Upon the satisfaction of all of the above referenced terms and agreements, the Husband can change his beneficiary.

### 11. REAFFIRMATION

The Husband agrees to immediately reaffirm his debt of $150,000.00 owed to the Wife's Mother, Charlotte Schlittler.

### 12. CONDITION PRECEDENT

This Agreement is subject to and conditioned upon the acceptance of the Bankruptcy Court.

### 13. ATTORNEY FEES

The Husband agrees to pay half of the Wife's attorney fees incurred in this matter within thirty (30) days from the signing of this agreement.

**IN WITNESS WHEREOF,** Husband and Wife have hereunto set their hands and seals on duplicate originals on this the 20th day of August, 2019.

_____
SHANNAN ROBERTS, WIFE

_____
WILLIAM ROBERTS, HUSBAND

STATE OF ALABAMA,

MADISON COUNTY.

EXHIBIT 1

I, the undersigned, a Notary Public in and for said County and State, hereby certify that William Roberts, whose name is signed to the foregoing agreement, and who is known to me, acknowledged before me on this day that, being informed of the contents of this agreement, he executed the same voluntarily on the day the same bears date.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** on this 20th day of August, 2019.

_____
NOTARY PUBLIC

Affix Notary Seal Here.

My Commission Expires: HANNAH J. COULTER
My Commission Expires February 28, 2021

**STATE OF ALABAMA,**

**MADISON COUNTY.**

I, the undersigned, a Notary Public in and for said County and State, hereby certify that Shannan Roberts, whose name is signed to the foregoing agreement, and who is known to me, acknowledged before me on this day that, being informed of the contents of this agreement, she executed the same voluntarily on the day the same bears date.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** on this 20th day of August, 2019.

_____
NOTARY PUBLIC

Affix Notary Seal Here. HANNAH J. COULTER
My Commission Expires February 28, 2021