## IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WILLIAM BARRIER ROBERTS** | ) | |
| EIN: XXX-XX-9314 | ) | **CASE NO. 18-83442-CRJ11** |
| | ) | |
| Debtor. | ) | **CHAPTER 11** |
| | ) | |

### DECLARATION IN SUPPORT OF MOTION (I) TO ALTER OR AMEND ORDER DISALLOWING CLAIM, OR, IN THE ALTERNATIVE, (II) FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM

Comes now Shannan League Roberts and states as follows:

1. My name is Shannan League Roberts. I am over the age of twenty-one (21) years, and I am competent to testify to the matters contained herein, which are true and correct based on my personal knowledge.

2. I make this declaration in support of the *Motion (i) to Alter or Amend Order Disallowing Claim, or, in the alternative, (ii) for Reconsideration of Order Disallowing Claim* (this "Motion") filed by me.

3. William Barrier Roberts (the "Debtor") and I were married on January 4, 2010. The Debtor and I lived together as husband and wife until we separated on August 31, 2018.

4. On October 5, 2018, I field a Verified Complaint for Divorce, Request for Entrance of the Standing Pendente Lite Order (the "State Court Complaint") in the Circuit Court for Madison County, Alabama (the "State Court") initiating that certain domestic relations matter styled *Shannan Roberts v. William B. Roberts*, civil action number DR2018-900823 (the "Domestic Litigation"). A true and correct copy of the State Court Complaint is attached to the Motion as **Exhibit A**.

5. In the State Court Complaint, I asserted a complete incompatibility of temperament, an irretrievable breakdown in the marriage and that further attempts at reconciliation were impractical and not in the parties' best interests. I asserted claims against the Debtor for, among other things, the equitable division of assets and liabilities and the Debtor's continued payment of his pro rata share of regular monthly household expenses and debts and my attorneys' fees.

6. Specifically, I sought an equitable division of the following items acquired during her and the Debtor's marriage:

(a) House and land located at 2115 Big Cove Road, Huntsville, Alabama 35801;
(b) Business entities and other business interests;
(c) Automobiles;
(d) Miscellaneous household goods, furniture and furnishings;
(e) Miscellaneous financial assets and liabilities;

7. I further asserted a claim for periodic and rehabilitative alimony and her attorneys' fees incurred.

8. Additionally, I asserted that I was owed the specific amount of **$397,785.00** as a property settlement in the Domestic Litigation in my request for a default judgment (the "Application for Default Judgment"). A true and correct copy of my Application for Default Judgment and affidavit in support thereof is attached to the Motion as **Exhibit B**.

9. Specifically, "[t]his amount represent[ed] the sums that were part of my pre-marital estate that were loaned to the [Debtor] to start his businesses, my interest in Tennessee Valley Equipment Rental, my interest in Bullet and Barrel, Roberts LLC, and Leeman Ferry property."

10. I further asserted that I should be awarded "all interest in Whitesburg Partners and Huntsville Mobile Home Estates."

11. In my Response (as defined in the Motion), I itemized the specific amounts claimed in the Application for Default to the best of my recollection as follows:

| Description | Amount |
|---|---|
| Refinancing of my home in 2016 (4004 Toney Ct.) | $ 35,000.00 |
| Sale of mt home in 2018 (4004 Toney Ct.) | $ 49,163.00 |
| Tax debt in my name from the sale of the Debtor's home at 1012 Big Cove Rd. (This house was in an LLC with me as only officer so it counted towards my individual tax bill) | $ 23,937.00 |
| Tax debt for sale of 4004 Toney Ct. | $ 10,000.00 |
| Annuity owned by me invested in the Debtor's various business ventures | $ 80,000.00 |
| Payment to North Alabama Bank on account of the Debtor's loan | $ 9,335.00 |
| Funds of mine used to invest in a business for the Debtor's brother | $ 15,000.00 |
| Funds put in an investment account in NY | $ 10,000.00 |
| Taxes paid from the Debtor's sale of houses | $ 33,937.00 |
| **TOTAL:** | $ 266,372.00 |

12. I hold a claim against the Debtor for a property settlement of our marital property as described above *regardless* of whether or not the Divorce Agreement (as defined herein) is enforceable.[1]

13. Additionally, I alleged that the Debtor improperly allowed various life insurance policies to lapse and unlawfully changed the beneficiaries of other life insurance policies before and/or during the Domestic Litigation. The total amount of these policies was over $886,000.

14. Rather than litigate my claims against the Debtor, I agreed to participate in a mediation to attempt to resolve my claims in the Domestic Litigation.

15. We were successful, and we reached an agreement (the "Divorce Agreement") to resolve the claims asserted by me in the Domestic Litigation. A true and correct copy of the Divorce Agreement is attached to the Motion as **Exhibit C**.

---

[1] For the avoidance of doubt, I assert that the Divorce Agreement is unenforceable.

16. The Divorce Agreement provided, among other things, that the Debtor would name me the beneficiary of an existing life insurance policy in the amount of $250,000.00. The $250,000 represented a settlement of the amounts I asserted were owed to me for a property settlement, including an equitable divisions of property and monies described above expended by me to support the Debtor's various business ventures prior to the Petition Date.

17. In fact, the Divorce Agreement specifically provided that the Debtor would be allowed to change the life insurance beneficiaries following his compliance with the other provisions in the Divorce Agreement (i.e., payments to me following the liquidation of the marital assets as described therein).

18. The Divorce Agreement further provided that the Divorce Agreement was "subject to and conditioned upon the acceptance of the Bankruptcy Court."

19. The Domestic Litigation was dismissed without prejudice on June 30, 2021 due to the death of the Debtor. A true and correct copy of the Order dismissing the Domestic Litigation is attached to the Motion as **Exhibit D**.

20. I have not filed a claim against the Debtor's probate estate due to the provisions of section 362 of the Bankruptcy Code. Instead, as discussed in the Motion, I timely asserted my claim for property settlement and funds advanced against the Debtor's chapter 7 bankruptcy estate.

*[Signature Page to Declaration in Support of Motion to Reconsider]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 8 day of November, 2021

*/s/ Shannan League Roberts*
Shannan League Roberts