## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA

IN RE:          )
            )
**WILLIAM BARRIER ROBERTS,**   )    **CASE NO.: 18-83442-CRJ7**
**SSN: xxx-xx-9314**      )
            )    **CHAPTER 7**
   **Debtor.**       )
_____)

### OBJECTION TO SUPPLEMENT TO CLAIM 17 and 17-1
### BY SHANNAN LEAGUE ROBERTS

COMES NOW, Owen Roberts, in his capacity as personal representative of the estate of William Barrier Roberts, deceased, by and through his undersigned attorney and files this Objection to the Supplement to Proof of Claim 17 and 17-1 submitted by Shannan League Roberts ("Ms. Roberts"), and says:

1. On or about September 10, 2021, the Trustee filed his Objection to Proof of Claim of Shannan League Roberts (Claims Doc. 17-1) [Doc. 499] (the "Objection").

2. The Court entered an Order disallowing Ms. Robert's claim on October 26, 2021 [Doc. 509] (the "Order").

3. Subsequently, on November 9, 2021, Ms. Roberts filed her Motion (I) to Alter or Amend Order Disallowing Claim, or, in the Alternative, (II) for Reconsideration of Order Disallowing Claim [Doc. 511] (the "Motion").

4. On December 1, 2021 this Court entered an Order allowing Ms. Roberts to file a Supplement to her Proof of Claim 17 to provide additional support for her claim. [Doc. 522].

5. On December 22, 2021 Ms. Roberts filed a supplement to her proof of claim. [Doc. 528]. The Declaration submitted by Ms. Roberts indicates that her claim in this bankruptcy case arises from the martial estate with the deceased Debtor.  See Doc. 528-1 at 2-3.

1

6.     Ms. Roberts and the Debtor were married on January 4, 2010.  [Doc. 528-1 ¶1].

7.     Ms. Robert filed for divorce from the Debtor on October 5, 2018 in the Circuit Court for Madison County, Alabama [Doc. 528-1 ¶2].

8.     The Debtor filed for relief under Chapter 11 in this district and division on November 16, 2018. [Doc. 1].

9.     This Court entered its Order granting the Parties relief from the automatic stay for the purposes of determining the division of marital assets and liabilities on February 21, 2019. [Doc 55].  That order specifically stated that the disposition of any property was subject to the further orders of this Court. Id.

10.    The Debtor, William Barrier Roberts died on June 6, 2020 [Doc. 366].

11.    This case was converted to Chapter 7 on June 22, 20200 and it is  undisputed that this Court never entered an Order approving of a settlement nor a distribution of property.

II.    ARGUMENT

The Supplement to Claim 17 submitted by Ms. Roberts does not present any additional facts in support of the claim that were not raised in the original claim.   It is clear from the Supplement and Claim 17, if there was agreement between the parties arising from their divorce, that agreement was never approved by the Bankruptcy Court prior to the case being converted to Chapter 7 in June 2020.

Furthermore, property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979).  Thus, while federal law determines whether an interest is property of the bankruptcy estate, "property interests are created and defined by state law. *In re Witko*, 374 F.3d 1040, 1043 (11th Cir. 2004).  Similarly, in a

bankruptcy case it is state law governs the substance of claims. *Melikian Enterprises, LLLP v. McCormick*, 863 F.3d 802, 807 (8th Cir. 2017). When an objection is made to a proof of claim under §502(a), a bankruptcy court must determine the amount of the claim, and the claim will be allowed unless it "is unenforceable against the debtor and property of the debtor ... under any ... applicable law." See, *Melikian Enterprises*, 863 F.3d at 806.

In Alabama, an action for divorce and the equitable division of marital property in which there has not been a final judgment does not survive the death of a party. *Jones v. Jones*, 517 So. 2d 606, 608 (Ala. 1987). Further, not only does a pending divorce action terminate upon the death of a party to the marriage, the interlocutory orders entered by the divorce court dividing marital property also abate and have no further effect upon the death of a party to the marriage. *Ex parte Thomas*, 54 So. 3d 356, 359 (Ala. 2010). Thus, in *Jones* the Alabama Supreme Court affirmed the trial court's decision to dissolve a temporary order regarding the disposition of the marital residence and dismissed the case after the husband died concluding that the husband's death abated the divorce action and nullified the temporary order. 517 So.2d at 607.

This same analysis applies to the facts of this case. Here, Ms. Roberts claim arises from her marriage to the Debtor. In fact the description for the claim which is provided by Ms. Roberts all relates to a time period when she was married to the Debtor purportedly relates to business debts incurred while she was married to the Debtor. Ms. Roberts was afforded the opportunity to resolve these claims when this Court granted her relief from the automatic stay for the purpose of obtaining a divorce from the Debtor. For reasons only known to her at this point, she decided not to finalize that process. In this regard, almost 14 months passed by after the Court granted her relief from the stay to obtain a divorce until the Debtor died on June 6, 2020. Alabama law is clear that once the Debtor died, the divorce action terminated and her ability to claim any rights arising

3

from the relationship similarly terminated. See, *Jones* 517 So.2d at 607. It would be fundamentally unfair to the Debtor's estate to now allow Ms. Roberts to assert these claims when the Debtor has died and cannot contest their validity.

WHEREFORE, PREMISES CONSIDERED, for the reasons set forth in this Response, Owen Roberts respectfully requests that the Court deny Ms. Roberts' Supplement to her Claim 17 in conjunction with her Motion to Alter or Amend [Doc. 511], and grant such further and additional relief as this Court deems just and proper.

Respectfully submitted on this the 31st December, 2021.

*/s/ Kevin D. Heard*
Kevin D. Heard

Of Counsel:
HEARD, ARY & DAURO, LLC
303 Williams Avenue SW
Park Plaza, Suite 921
Huntsville, Alabama 35801
Tel: (256) 535-0817
Fax: (256) 535-0817
kheard@heardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2021, I served a copy of the foregoing **Response in Opposition to Supplement to Proof of Claim 17 filed by Shannan League Roberts' Motion to Alter or Amend Order Disallowing Claim 17** on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**
Richard M Blythe Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov
John J. Callahan, Jr jcallahan@callahanpc.com, croote@callahanpc.com

4

Evan Eberhardt eeberhardt@jandllawfirm.com
William M. Hancock bankruptcy@wolfejones.com, wmhancock@wolfejones.com
Justin B. Little jlittle@rrllaw.com, blatham@rrllaw.com
Stuart M Maples smaples@mapleslawfirmpc.com, kmanning@mapleslawfirmpc.com;
kpickett@mapleslawfirmpc.com; dmaples@mapleslawfirmpc.com; maples.stuartr106757@notify.bestcase.com
Kevin M Morris kevin@ssmattorneys.com, assistant@ssmattorneys.com
Christian Antonio Pereyda cpereyda@maynardcooper.com, cpereyda@maynardcooper.com
Andrew J. Shaver ashaver@bradley.com
Tazewell Shepard tshepard@ecf.axosfs.com, janelle@ssmattorneys.com
Tazewell Taylor Shepard, IV ty@ssmattorneys.com
Gary P Wolfe bankruptcy@wolfejones.com, wmhancock@wolfejones.com

**Notice will not be electronically mailed to:**

David R. Beasley
655 Gallatin Street
Huntsville, AL 35801

Blake Cantrell
Caldwell Banker of the Valley
7027 Old Madison Pike Suite 102
Huntsville, AL 35806

Edmond Denaburg
Christian & Denaburg, PC
2649 Rocky Ridge Lane
Birmingham, AL 35216

Walter A Dodgen
655 Gallatin Street
Huntsville, AL 35801

Lisa M. English
Callahan, PC
301 Washington Street
Suite 301
Huntsville, AL 35801

Jayna Partain Lamar
Maynard, Cooper & Gale, P.C.
1901 Sixth Ave North
Suite 2400
Birmingham, AL 35203

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

*/s/ Kevin D. Heard*
Kevin D. Heard

5